The defendant was tried at Randolph Superior Court on the Spring Circuit of 1848, before his Honor, Judge Pearson, for failing to make and keep up during crop time a sufficient fence about his cleared ground under cultivation, "there being no navigable stream or deep-water course that might be (230) deemed sufficient instead of a fence."
From the testimony given on the trial it appeared that the defendant was the owner of a field lying in Randolph County on Deep River, and cultivating a crop of corn in it during the time mentioned in the indictment. The field was surrounded on three sides by a sufficient fence, but on the fourth side, bounding on the river, it had no fence. The lands on the opposite side of the river belonged to different persons, and were in woods and unenclosed. The river is an unnavigable stream, full of rocks and shoals. Just below the defendant's field there was a *Page 172 
milldam, which had been kept up for many years, the effect of which was to form a pond in the channel of the stream, which was generally about five feet deep and from twenty-five to fifty yards wide. It appeared further that other persons besides the defendant had fields along the pond, some of whom had fences on the side next to it, while the rest had none; and that, for several years before this indictment was found, the hogs belonging to the neighboring planters were in the habit, during the crop season, of swimming across the pond and getting into the unenclosed fields lying on it, and doing much damage to the growing crops, and being themselves much injured by dogs. It was proved, however, that for the last two or three years the only hogs which crossed the pond into the defendant's field belonged to the prosecutor, and that horses and cattle were never known to cross the pond at all.
The counsel for the defendant contended that, whether the pond, which bounded on one side of the defendant's field was to be deemed a deep-water course, and sufficient instead of a fence, within the meaning of the act upon which the indictment was framed, was a question of fact for the decision of the jury; but that if it were not a question of fact for the jury, then, as a question of law, it must be deemed sufficient.
(231) His Honor was of opinion, and so charged the jury, that the sufficiently of the pond to answer, as a deep-water course, instead of a fence, was a question of law, and that the testimony in the cause, if believed to be true, showed that the pond was not sufficient for that purpose. The jury, under the charge of the court, found the defendant guilty, and from the judgment pronounced upon the verdict he appealed.
We think that there can be no doubt of the correctness of the opinion expressed by his Honor. The act "concerning fences" (1 Rev. St., ch. 48) requires "that every planter shall make a sufficient fence about his cleared ground under cultivation, at least five feet high, unless where there shall be some navigable stream or deep-water course that may be deemed sufficient instead of a fence, as aforesaid; and section 42 of the act "concerning crimes and punishments" (1 Rev. St., ch. 34) makes every person indictable for neglecting to keep and repair his or her fence during crop time, in the manner required by the act concerning fences. What is a sufficient fence, and what kind of navigable stream or deep-water course is to be deemed *Page 173 
sufficient instead of a fence, within the act, must be questions of law, because the interpretation of statutes and the ascertaining of the meaning of all the terms employed in them are confided to the courts. This duty they discharge by pronouncing what is the true construction of a whole statute, or the sense of any particular section, phrase or word contained in it, upon the facts found by the jury in any case arising under it. His Honor, then, did right in assuming to decide upon the sufficiency of the pond to answer as a deep-water course instead of a fence. The inquiry remains, Was the question of sufficiency rightly decided? We think it was. It is manifest from a view (232) of all the provisions of the act which we are discussing, taken together, that its purpose is to prevent horses, mules and other stock, not more than ordinarily addicted to mischief, from breaking into fields under cultivation and damaging the crops which may be growing in them, and also to protect such stock from being killed, maimed or otherwise injured by the owners of the fields. To accomplish this purpose a sufficient fence, at least five feet high — unless there be some navigable stream or deep-water course that will answer instead of such fence — is required. The object is to keep out horses, hogs and other stock. Can any fence, stream or water course be deemed sufficient that will not, under ordinary circumstances, secure the accomplishment of this object? Surely not. Otherwise the court must be guilty of the absurdity of pronouncing that to be sufficient in law which proved to be insufficient infact.
It must be certified to the Superior Court that there is no error in the judgment appealed from.
PER CURIAM. No error.
(233)